IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BROWN, N62623, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 25-cv-501-DWD |
| W. COWAN, | ) |
| JOSHUA SCHOENBECK, | ) |
| ANTHONY JONES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

    Plaintiff Robert Brown, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that Defendant Cowan improperly disciplined him over a cell assignment issue.

    Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on April 6, 2023, Defendant Cowan wrote him a disciplinary ticket for refusing direct orders and delaying cellhouse operations. He claims he spent approximately seven nights in segregation without a mattress or bed linens. The lack of bedding caused him pain in his back, ankles, elbows, neck, shoulders, and hips. (Doc. 8-1 at 6). He seeks to have the charge expunged, and he seeks monetary compensation. (Doc. 8-1 at 7). In support of the Complaint, he submitted grievance documentation and the underlying disciplinary documents.

In his grievance, he claimed Cowan should not have disciplined him because the whole dispute about cell placement arose when Cowan tried to place him in a cell with someone who was not quarantined while he was supposed to be quarantined for refusing Covid tests. (Doc. 8-1 at 12-13). He claims by the time Cowan came to handcuff him and take him to segregation, he was in his cell. In the disciplinary report, the committee indicated that Plaintiff appeared, pled not guilty, and explained he believed the charge was unfounded and fabricated based on his quarantine status. Plaintiff was sentenced to seven days of segregation and one month of c-grade. (Doc. 8-1 at 14).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** **Fourteenth Amendment due process or false discipline claim against Defendants Schoenbeck, Jones, and Cowan related to the April 6, 2023, housing placement issue and discipline.**

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

As an initial matter, Plaintiff filed his complaint on April 2, 2025, and he submitted a motion to "re-file" on April 28, 2025, with a pleading that contained two additional defendants (Schoenbeck and Jones) and a copy of disciplinary documents. This Motion (Doc. 8) is GRANTED, and the Court analyzed the Amended Complaint (Doc. 8) and accompanying exhibits.

To establish a due process claim related to disciplinary proceedings, an inmate must demonstrate: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). Six months in segregation and six months' loss or restriction of privileges—do not, without more, implicate a protected liberty interest. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (six-month disciplinary segregation alone); *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (temporary loss of contact visitation and restricted commissary); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995) (six-month disciplinary segregation and demotion to C grade). A plaintiff may also argue that the combination of disciplinary measures deprived him of a protected liberty interest. *See*

*Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015). There is no bright-line rule for the duration or conditions of segregation that might invoke a protected liberty interest, but generally a term of segregation approaching or exceeding a year may be considered significant enough to invoke due process protections. *See e.g.*, *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (finding that a term of 240-days of segregation was long enough to mandate an inquiry into the conditions of the confinement). However, the imposition of disciplinary segregation without "additional facts about the conditions of confinement, [does] not implicate a liberty interest." *Miller v. Maue*, 759 F. App'x 515, 516 (7th Cir. 2019).

Additionally, in a situation where an inmate complains of discipline such as segregation, or anything other than the loss of good-time credit, the disciplinary proceedings are subject to an informal due process inquiry. Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024).

Plaintiff's complaint is insufficient to state a claim for two reasons. First, the conditions he describe—seven days with no mattress—are insufficient to invoke a protected liberty interest. At most, his conditions suggest discomfort, but not an atypical and significant hardship. Second, Plaintiff does not contend that he lacked advance notice of the issue or an opportunity to present his views. The disciplinary report that he submitted with his complaint shows that he was able to state his views at the disciplinary

hearing, and this is enough to satisfy informal due process. Thus, Plaintiff's complaint is insufficient to state a claim related to the discipline he received in April of 2023.

Typically, the Court affords a pro se prisoner at least one opportunity to amend his complaint if it is found to be insufficient to state a claim, but here any such opportunity would be futile. There is simply no alteration that Plaintiff could make to the facts alleged in his complaint to make a valid constitutional claim. Seven days in segregation, even in uncomfortable conditions, is not enough to plead any sort of conceivable claim for recovery under § 1983.

## **Disposition**

Plaintiff's Motion to Re-File is **GRANTED**, and the Court reviewed his Amended Pleading (Doc. 8, 8-1). Plaintiff's Amended Complaint (Doc. 8-1) is dismissed with prejudice for failure to state a claim under § 1915A. The Clerk of Court is directed to enter judgment and to close this case. The obligation to pay the filing fee was incurred at the time the case was filed, regardless of the outcome, so Plaintiff is still obligated to make payments until he has satisfied the $350 fee.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the

issues he plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: May 7, 2025

DAVID W. DUGAN
United States District Judge